# EXHIBIT A

| | | |
|---|---|---|
| **Jane Jacobs/KZRD**<br>05/30/2006 03:43 PM | To | ·heagle@kzrd.com |
| | cc | |
| | bcc | |
| | Subject | Fw: Delyanis-Complaint.PDF |

History:    This message has been replied to.

Jane B. Jacobs
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue
New York, NY 10022
212 935 6020
fax: 212 753 8101
Cell: 646 413 2275
----- Forwarded by Jane Jacobs/KZRD on 05/30/2006 03:43 PM -----



| | | |
|---|---|---|
| "Lim, Hannah"<br><HLim@weitzlux.com><br>05/22/2006 05:24 PM | To | "Jonathan Trafimow" <JTrafimow@ebglaw.com>, "Jane Jacobs" <jbjacobs@kzrd.com>, <kzrd@kzrd.com> |
| | cc | <Gerald_P._Lepp@nyed.uscourts.gov> |
| | Subject | RE: Delyanis-Complaint.PDF |

Yes, thank you so much for your assistance. I sent Khristan Heagle an e-mail earlier today and am waiting for a proposed copy of the settlement agreement.

Best,

Hannah S. Lim
WEITZ & LUXENBERG
180 Maiden Lane
New York, NY 10038
Phone: (212)558-5668
Fax: (212)344-5461/5462
hlim@weitzlux.com

    -----Original Message-----
    **From:** Jonathan Trafimow [mailto:JTrafimow@ebglaw.com]
    **Sent:** Monday, May 22, 2006 4:34 PM
    **To:** Jane Jacobs; kzrd@kzrd.com; Lim, Hannah
    **Cc:** Gerald_P._Lepp@nyed.uscourts.gov
    **Subject:** FW: Delyanis-Complaint.PDF

    Dear Counsel:

    It was a pleasure working with all of you on Friday. Can I report the case as settled to Jerry Lepp at the EDNY, subject to the parties completing final documentation?

    Thank you, and best regards.

A. Jonathan Trafimow, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
(212)351-4573 (direct tel.)
(212)878-8673 (direct fax)
jtrafimow@ebglaw.com
www.ebglaw.com

Confidentiality Note: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green at 212-351-4701 and destroy the original message and all copies.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Pursuant to the CAN-SPAM Act this communication may be considered an advertisement or solicitation. If you would prefer not to receive future marketing and promotional mailings, please submit your request via email to ebgus@ebglaw.com or via postal mail to Epstein Becker & Green, Attn: Marketing Department, 250 Park Avenue, New York, NY 10177. Be sure to include your email address if submitting your request via postal mail.

*** eSafe scanned this email for malicious content ***
*** IMPORTANT: Do not open attachments from unrecognized senders   ***

Please visit us at http://www.weitzlux.com

****************************************************************
*******

The information contained in this message may be privileged and confidential and
protected from disclosure.  If the reader of this message is not the intended recipient,
or an employee or agent responsible for delivering this message to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited.  If you have received this communication in error,
please notify us immediately by telephone or by replying to the message and deleting it
and all of its attachments from your computer.  Thank you.  Weitz

& Luxenberg, P.C.

Every effort is made to keep our network free from viruses.  You should, however,
review this e-mail message, as well as any attachment thereto, for viruses.  We take
no responsibility and have no liability for any computer virus which may be transferred
via this e-mail message.

All e-mails sent to Weitz & Luxenberg, P.C. or any individuals at Weitz & Luxenberg,
P.C. are carefully scanned for viruses and content.  The sender should have no
expectation of privacy in said transmission.

In the course of scanning all incoming e-mails to W & L, virus scanning software may
block the e-mail and prevent it from being delivered.  Neither the intended recipient nor
the sender will receive notice that their transmission has been blocked.

All e-mail to W & L or any individuals at W & L should be followed up by hard copy
including attachment(s), as specific file types may be blocked at any time without
notice being provided to sender or recipient.

**************************************************************
******

# EXHIBIT B

# KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

ATTORNEYS AT LAW
485 MADISON AVENUE
NEW YORK, NEW YORK 10022-5803
TEL (212) 935-6020
FAX (212) 753-8101
e-mail: kzrd@kzrd.com

FRED C. KLEIN
ANDREW E. ZELMAN
JOAN EBERT ROTHERMEL
JOEL R. DICHTER
JANE B. JACOBS
NANCY B. SCHESS
DAVID O. KLEIN
SEAN A. MOYNIHAN

JOSHUA D. ROSE
KHRISTAN A. HEAGLE
PETER J. GLANTZ
JONATHAN E. TURCO
DAVID E. COHN

May 25, 2006

<u>Via Facsimile and First Class Mail</u>

Ms. Hannah Lim, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
facsimile: 212-344-5461

  Re: <u>Delyanis v. Dyna-Empire, Inc. et al.</u>

Dear Ms. Lim:

  I am writing following our conversation this morning. Frankly, as I said to you, I was very disturbed by your client's apparent reneging upon specific terms of the Agreement to Settle executed by all parties at the mediation on May 19, 2006. For your convenience, a copy of the document is attached. Please be clear that Defendants' position is that we have reached an agreement and this matter is resolved upon the terms reflected in the Agreement to Settle.

  Nonetheless, in an attempt to resolve the issues you raised this morning and to avoid the necessity of court intervention, we would agree to the following, responsive to each of your requests:

- Paragraph 1(b) has been modified to reflect that the payment therein is allocated to plaintiff's claims for emotional distress damages.

- We do not agree to delete the indemnification paragraph in paragraph 2 of the full agreement. Pursuant to the Agreement to Settle, your client agreed to "indemnification for tax liability in connection with this settlement."

{00078328;1}

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

Hannah Lim, Esq.
May 25, 2006
Page 2

- Your client agreed to "a full release for all defendants named and unnamed." See Agreement to Settle. We have modified paragraph 6 of the full agreement so that it now mirrors the language used in the Agreement to Settle. However, consistent with our conversation this morning, Defendants' position is that a "full release" does not contemplate any limitations and, therefore, includes both known and unknown claims.

- Finally, we have modified Paragraph 14 to clarify that in the event that Ms. Delyanis breaches the Agreement and General Release, the Defendants may pursue any and all legal remedies they may have against her, including a return of monies paid pursuant to the Agreement.

We look forward to the opportunity to conclude the full agreement without the necessity of court intervention.

Very truly yours,

Khristan A. Heagle

KAH/mmi
Encls.

cc:   Jane Jacobs, Esq.

{00078328;1}

# AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is made and entered into, at New York, New York, by and among Dyna Empire, Inc., its parent, subsidiary, related and affiliated entities ("Dyna Empire" or the "Company"), Jim Spagnolo ("Spagnolo"), Patrick McCarthy ("McCarthy"), Regina B. Weller ("Weller"), and Diane F. Delyanis ("Delyanis").

WHEREAS, Delyanis was employed by Dyna-Empire; and

WHEREAS, Delyanis's employment with the Company was terminated; and

WHEREAS, Delyanis subsequently made various allegations concerning aspects of her employment and/or her separation therefrom; and

WHEREAS, Delyanis filed a Charge with the New York State Division on Human Rights, Case No. 10101006, which was cross-filed with the Equal Employment Opportunity Commission, Charge No. 16GA410533 (collectively, the "Charge"); and

WHEREAS, Delyanis subsequently filed a Complaint with the District Court for the Eastern District of New York, Case No. 05-cv-5505 (the "Complaint") against the Company, McCarthy, Spagnolo and Weller (collectively "Defendants"), alleging various causes of action including, but not limited to, age and disability discrimination; and

WHEREAS, Defendants deny all allegations made by Delyanis; and

WHEREAS, the parties desire to resolve all disputes among them amicably and without further litigation;

NOW THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. In exchange for agreeing to the terms below, and in full and final settlement of any and all claims as set forth in this Agreement, the Company shall pay to Delyanis, and Delyanis agrees to accept, the total sum of sixty-seven thousand, five hundred dollars and no cents ($67,500.00) ("the Payment"), in accordance with and subject to the following:

    a. The Company shall issue a check payable to Delyanis in the gross amount of five thousand dollars and no cents ($5,000.00), less all legally required federal, state and local deductions. A Form W-2 shall be issued to Delyanis with respect thereto. Such payment shall not be considered wages for the purpose of any benefit plans.

   b. The Company shall issue a second check payable to Delyanis in the amount of forty-two thousand, five hundred dollars and no cents ($42,500.00). No federal, state or local taxes shall be deducted or withheld from that amount, but a Form 1099 shall be issued with respect to the amount provided for in this subparagraph. The payment provided for herein is allocated to Delyanis's claims for emotional distress damages

   c. The Company shall issue a third check payable to Weitz & Luxenberg, attorneys for Diane F. Delyanis (hereinafter "Delyanis's Counsel"), in the amount of twenty thousand dollars and no cents ($20,000.00). By signing this Agreement, Delyanis hereby authorizes and directs the Company to cause this payment to be made directly to Weitz & Luxenberg. No federal, state and local taxes shall be deducted or withheld from that amount, but a Form(s) 1099 shall be issued with respect to the amount provided for in this subparagraph.

   d. Payments contemplated by this paragraph shall be made by mailing the checks provided for in this paragraph to Hannah Lim, Esq., Weitz & Luxenberg within thirty (30) days after receipt by the Company of five (5) original copies of this Agreement executed by Delyanis.

2. Delyanis expressly agrees that she shall assume all responsibility for, and shall protect, indemnify and hold harmless, Dyna Empire, Spagnolo, McCarthy, Weller, and any of their successors, predecessors, subsidiaries, related and/or affiliated and/or parent organizations or any of their past, present and future officers, directors, shareholders, agents, employees, assigns and each of the aforementioned entities or persons, heirs, successors or assigns, both individually and in their corporate capacity from and against any amounts assessed against Delyanis by or due to any federal, state or local government taxation agency, on payments made pursuant to this paragraph, including, but not limited to, federal, state and local withholding for income taxes and social security taxes.

3. On her behalf and on behalf of her family and any successors and assigns, Delyanis agrees, once this Agreement becomes effective in accordance with the terms of paragraph 18 below and to the extent consistent with applicable law, forever to waive, release and discharge, and covenant never to sue on, any and all claims, liabilities, causes of action, suits, damages and demands, whether for damages or in equity, including but not limited to all claims for wages, penalties, general damages, compensatory damages, punitive damages, employment commitments, reinstatement, restitution, front pay, additional compensation in any form, and attorneys' fees, whether known or unknown, that Delyanis has asserted or could have asserted to the date of this Agreement, whether under any theory, including but not limited to, statutory, common law, breach of contract, tort, or public policy, and as against Dyna Empire, Spagnolo, McCarthy, Weller, or any of their

successors, predecessors, subsidiaries, officers, directors, shareholders, agents, employees, assigns and each of the aforementioned entities or persons, both individually and in their corporate capacity (collectively, "Releasees"). Specifically excluded from this release are claims for enforcement of this Agreement.

4. Delyanis understands that to the extent consistent with applicable law, she waives and releases any rights or claims she may have against the Releasees, including but not limited to claims of employment discrimination or harassment on any basis or arising out of the various laws regulating employment, whether federal, state, local or otherwise including, but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, Section 1981 (42 U.S.C. § 1981), the Age Discrimination in Employment Act ("ADEA"), as amended, the Fair Labor Standards Act, the Equal Pay Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Worker Adjustment and Retraining Notification Act of 1988, as amended, the New York State Human Rights Law, and the New York City Human Rights Law.

5. Delyanis represents and warrants that, other than the Complaint and the Charge, she has not filed any charges, claims or complaints against the Defendants. Except for the purpose of seeking enforcement of the terms of this Agreement, Delyanis further agrees that to the extent consistent with applicable law, she will not in the future file, or cause to have filed or instituted, any civil action, complaint, charge or other proceeding of any nature or description against the Releasees, before any judicial, administrative, arbitral or other forum based upon or arising out of any claims, whether asserted or unasserted, that Delyanis may have as of the date of this Agreement. In addition, to the extent that such an action may be brought, Delyanis expressly waives all claim to any form of monetary or other damages, or other form of recovery or relief, in connection with such action or any action brought by a third party.

6. Delyanis understands that this is a full release by her of all claims she has or may have against the Releasees.

7. By entering into the Agreement, the Defendants do not admit to any unlawful conduct, and expressly deny having committed any violation of law or of the rights of Delyanis.

8. Delyanis acknowledges that she fully understands and agrees that this release of liability may be pleaded by the Releasees as a complete defense to any claim or entitlement that may be asserted by her, to the extent consistent with applicable law, whether asserted directly by her or by another person or entity on her behalf in any suit or claim against the Company.

9. Delyanis represents and warrants that she has returned, or will return, to the Company any and all documents, software, equipment (including, but not limited to, computers and computer related items), and all other materials or other things in her possession, custody, or control which are property of the Company, including, but not limited to, Company identification, keys and the like, wherever such items may have been located, as well as all copies (in whatever form thereof) of all materials relating to Delyanis's employment, or obtained or created in the course of Delyanis's employment, with the Company.

10. Delyanis represents that, other than those materials she has returned or will return to the Company pursuant to paragraph 9 of this Agreement, she has not copied or caused to be copied, and has not printed out or caused to be printed out, any software, computer disks, or other documents other than those documents generally available to the public, or retained any other materials originating, belonging to or concerning the Company or any of its related entities, other than as outlined in paragraph 9 above. Delyanis further represents and warrants that she has not retained in her possession any software, documents or other materials in machine or other readable form, which are the property of the Company, originated with the Company or were obtained or created in the course of or relate to Delyanis's employment with the Company.

11. Delyanis agrees that she will not disparage, make negative statements about, or act in any manner which is intended to or does damage the good will, or the business reputation of any of the Defendants or which is intended to or does interfere with any business relationships of the Defendants. McCarthy, Weller and Spagnolo agree not to disparage, make negative statements about, or act in any manner which is intended to or does damage the good will, or the business reputation of Delyanis, or which is intended to or does interfere with any business relationships of Delyanis.

12. Except as otherwise required by law or to enforce the terms of this Agreement, Delyanis agrees that she will keep the circumstances surrounding, and the fact and terms of, this Agreement completely confidential and will not disclose, directly or indirectly, information concerning them to any third party (including current or former Company employees and the media), except Delyanis's immediate family, and Delyanis's legal and financial advisors. Delyanis further agrees that if required by validly issued subpoena, court order or other compulsory process to reveal any information covered above, she shall immediately notify the Company, via overnight mail and addressed to Patrick McCarthy at Dyna Empire, Inc., 1075 Stewart Avenue, Garden City, New York, 11530, of such subpoena, court order or process and of the contents of any testimony or other information to be provided pursuant to such subpoena, order or process. Delyanis will fully cooperate should the Company and/or any of the Releasees contest or seek to quash such subpoena, order or other legal process.

13. Delyanis acknowledges and agrees that, by virtue of her employment with the Company, she has had access to and maintains an intimate knowledge of the Company's activities and affairs, including trade secrets and other valuable proprietary and confidential information of the Company, including without limitation, current, former and prospective client records and information, financial records, including audited and unaudited financial statements, financial statistics, handbooks, procedure manuals, tax returns, marketing information and strategies, costs and pricing data, product specifications and developments, research and development projects and strategic plans, business records, general correspondence, computer files, passwords, documents concerning financial aspects of the Company, employee information, computer programs, and payroll information, and all other materials of a confidential nature obtained during employment with the Company ("Confidential Information"). Confidential Information shall not include information which can be shown by the Delyanis to be in the public domain other than as a result of breach of the provisions of this paragraph 13. Delyanis agrees that she shall not communicate or divulge any Confidential Information to any person, firm or corporation outside the Company.

14. The parties acknowledge that Delyanis's failure to comply with the promises contained in this Agreement will constitute a substantial and material breach of this Agreement. In the event of such a breach, the parties agree that Defendants may pursue any and all remedies, in law or in equity, that Defendants may have against Delyanis, including, but not limited to, a return of monies paid pursuant to the terms of this Agreement.

15. The parties agrees that this Agreement shall be construed in accordance with and governed by the statutes and common law of the State of New York, and that the Agreement is binding on the parties' successors, assigns, heirs and/or executors.

16. Except as otherwise provided in this paragraph, if any of the provisions, terms, or clauses of the Agreement are declared illegal, unenforceable, or ineffective in a legal forum, those provisions, terms, and clauses shall be deemed severable, such that all other provisions, terms, and clauses of the Agreement shall remain valid and binding upon all parties; provided, however, that if any of the release provisions of the Agreement, specifically paragraphs 2 through 5 are declared illegal, unenforceable or ineffective in a legal forum, this entire Agreement shall be considered to be null and void and Delyanis agrees to promptly execute a General Release in favor of the Releasees consistent with the terms of this Agreement.

17. Delyanis acknowledges that she has carefully read and understands the entire terms of this Agreement; that she knows and understands the legally binding effect of this Agreement; that she has reviewed the terms of this Agreement with her attorney, Hannah

Lim, Esq. prior to execution; and that she voluntarily and knowingly agrees to the terms of this Agreement.

  18. This Agreement shall not become effective and enforceable until seven (7) days after the date of Delyanis's execution of same (the "Effective Date"). Delyanis may revoke this Agreement within seven (7) days of the date of her execution, provided that such revocation is in writing, signed by her and delivered to the Company's attorneys at the following address before the expiration of this seven (7) day period.

> Jane B. Jacobs, Esq.
> Klein, Zelman, Rothermel & Dichter, L.L.P.
> 485 Madison Avenue
> New York, New York  10022

The Payment identified in paragraph 1 will be paid in accordance with the terms of paragraph 1 and in no event prior to the seven (7) day revocation period. In the event that Delyanis revokes the Agreement, she will not be entitled to the Payment identified in paragraph 1.

  19. The Agreement reflects the entire agreement of the parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations, or promises. The terms of the Agreement are contractual and not mere recitals. The parties are not relying upon any oral or written representations or agreements in addition to or inconsistent with those set forth in the Agreement. The Agreement may not be altered, amended or modified except by a further writing signed by the parties.

DELYANIS ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, AND SHE UNDERSTANDS ALL OF THE TERMS, INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH ABOVE. DELYANIS FURTHER ACKNOWLEDGES THAT SHE HAS VOLUNTARILY ENTERED INTO THIS AGREEMENT, THAT SHE HAS NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH ABOVE AND THAT SHE HAS REVIEWED ALL OF THESE DOCUMENTS WITH HER ATTORNEY, HANNAH LIM, ESQ.

_____                         _____
Date                                              Diane F. Delyanis


STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____    )

      On _____ before me personally came Diane F. Delyanis to me known and known to be the individual described in and who executed the foregoing Agreement and Release and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC


I, Hannah Lim, Esq., attorney for Diane F. Delyanis, recommend and approve the Agreement and General Release above made and state that I have explained the contents as well as the effect of the above Agreement and General Release to her, and she has signed the same as her own voluntary act.

_____                         _____
Date                                              Hannah Lim, Esq.

_____           _____
Date                   G. Patrick McCarthy


_____           _____
Date                   Regina B. Weller


_____           _____
Date                   Jim Spagnolo


<u>ON BEHALF OF DYNA-EMPIRE, INC.</u>


                                By:
_____           _____
Date                   /s/ G. Patrick McCarthy, President