UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
DIANE F. DELYANIS :
: Case No. 05-cv-5505 (ADS)
       Plaintiff, :
:
  v. :
: **AFFIRMATION OF**
DYNA-EMPIRE, INC., JIM SPAGNOLO, PAT : **KHRISTAN A. HEAGLE IN**
MCCARTHY, and REGINA B. WELLER, : **SUPPORT OF DEFENDANTS'**
Officially and Individually, : **MOTION TO ENFORCE THE**
: **SETTLEMENT AGREEMENT**
       Defendants. :
:
------------------------------------------------------------- X

**I, Khristan A. Heagle, Esquire, hereby affirm as follows:**

1.    I am an attorney at law in the State of New York and an associate with the law firm of Klein, Zelman, Rothermel & Dichter, L.L.P., attorneys for Defendants, and as such, I am fully familiar with the facts of this litigation.

2.    This matter is before this Court on Defendants' Motion to Enforce the Settlement Agreement reached between the parties at court ordered mediation held on May 19, 2006.

3.    On or about November 23, 2005, Plaintiff filed a complaint alleging various federal, state and local causes of action arising from her employment with Defendant Dyna Empire, Inc..

4.    At all relevant times, Plaintiff was represented by Hannah Lim, Esq. of the law firm of Weitz & Luxemberg ("Attorney Lim"). As an attorney in good standing in the

State of New Jersey, Attorney Lim was admitted *pro hac vice* in this matter. She has been a member of the New Jersey Bar since 1998 and practices employment law.

5. On or about April 24, 2006, this Court referred this matter to mediation pursuant to Eastern District of New York Local Rule 83.11. Pursuant to the Court's Order, the parties selected mediator A. Jonathan Trafimow, Esq. of the law firm of Epstein, Becker & Green, P.C., from the Court's panel of mediators. The mediation was held on Friday, May 19, 2006.

6. Plaintiff attended the mediation with her husband and her counsel, Attorney Lim.

7. The parties negotiated with each other and caucused with the mediator in separate rooms for most of the day. By the end of the day, an agreement was reached between the parties.

8. The mediator brought the parties and their respective counsel back together in the same room and reduced the agreement to a writing entitled "Agreement to Settle."

9. The Agreement to Settle specifically states:

> While not intended to be a legally enforceable settlement agreement, the parties have agreed to resolve the case of Delyanis v. Dyna-Empire, Inc. et al. pursuant to the following terms.
>
> Defendant Dyna-Empire, Inc. will pay Plaintiff $67,500.00, in the following manner, and without any representation to Plaintiff as to what is or is not taxable:
>
> - $5,000.00 on a W-2, with applicable withholdings, as back pay, payable to Plaintiff;
> - 1) $20,000.00 payable on a Form 1099, to Plaintiff's counsel, Weitz & Luxemberg, P.C., for attorney's fees; and

- 2) $42,500.00 payable to Plaintiff on a Form 1099 for compensatory damages.
- Plaintiff agrees to execute a settlement agreement, drafted by defendants, the essential terms of which include:
    - settlement of the action, and a full release for all defendants named and unnamed;
    - confidentiality;
    - indemnification for tax liability in connection with this settlement;
    - no admission of liability;
    - nondisclosure and agreement to notify defendants' counsel if subpoenaed.

10. Plaintiff and her counsel were present in the room during the entire discussion regarding the core terms of the Agreement to Settle. Although Plaintiff asked Attorney Lim for clarification on some of the terms discussed, at no time did Plaintiff object to the core terms or otherwise indicate that she did not agree with the terms of the Agreement to Settle.

11. When completed, counsel and the parties reviewed the written Agreement to Settle. The parties, counsel and the mediator then signed the Agreement to Settle and copies of the document were given to both counsel.

12. On Monday, May 22, 2006, the mediator emailed counsel for the parties and asked whether he could report the case as settled to Gerald Lepp, Esq., ADR Administrator for the Brooklyn Office of the District Court for the Eastern District of New York, "subject to the parties completing final documentation." Attorney Lim responded, "Yes, thank you so much for your assistance. I sent [Defendants' counsel] an e-mail earlier today and am waiting for a proposed copy of the settlement agreement." A copy of the email is attached

to the Memorandum of Law in Support of Defendants' Motion to Enforce the Settlement Agreement as Exhibit A.

13.   Later that same day, I forwarded to Attorney Lim a full Agreement and Release, incorporating the terms of the Agreement to Settle.

14.   On May 25, 2006, Attorney Lim and I conferenced regarding the Agreement and Release. Attorney Lim requested the following changes:

> (1) an explicit designation in the Agreement and Release that the $42,500.00 payment to plaintiff's claims for emotional distress damages;
>
> (2) deletion of the paragraph in which Plaintiff agreed to indemnify Defendants for tax liability in connection with the settlement (which Plaintiff expressly agreed to in the Agreement to Settle; in addition, in the Agreement to Settle, Defendants expressly agreed to pay the agreed to amount to Plaintiff "without any representation to Plaintiff as to what is or is not taxable");
>
> (3) a revision to the release language such that Plaintiff would release only "known" claims and not unknown claims up through the date of the execution of the Agreement; and
>
> (4) deletion of language requiring Plaintiff to return the settlement monies in the event that she breached the agreement.

15.   In an effort to resolve the issues raised by Plaintiff, by letter to Plaintiff's counsel dated May 25, 2006, Defendants agreed:

> (1) to designate the $42,500.00 payment to Plaintiff's claims for emotional distress damages;
>
> (2) to incorporate the Agreement to Settle language such that Plaintiff would provide a "full release for all defendants named and unnamed" (notwithstanding Defendants' position that "full release" included both known and unknown claims); and

> (3) to delete the language requiring Plaintiff to return the settlement monies in the event that she breached the agreement, but with additional language that Defendants could pursue any and all legal remedies they may have against Plaintiff for a breach, including a return of monies paid pursuant to the Agreement.

Defendants refused to delete the indemnification provision since Plaintiff had already agreed to indemnify Defendants "for tax liability in connection with [the] settlement." A copy of Defendants' May 25, 2006 letter to Attorney Lim is attached to the Memorandum of Law in Support of Defendants' Motion to Enforce the Settlement Agreement as Exhibit B. With these changes, the proposed full agreement met all of the conditions set forth by Plaintiff with the exception of the deletion of the tax indemnification provision, expressly agreed to by Plaintiff in the Agreement to Settle.

16. On May 30, Attorney Lim called me and stated that Plaintiff had "since learned" that the settlement monies were taxable and, therefore, Plaintiff was no longer interested in settling the matter for the agreed to amount. Attorney Lim then reiterated that Plaintiff would not indemnify Defendants for tax liability in connection with the settlement monies as she had previously agreed to during the mediation, and further that Plaintiff would not agree to waive "unknown" claims. Attorney Lim then stated that she did not consider the matter settled and would not sign a stipulation to dismiss the case as required by the local rules. I again told Attorney Lim that a settlement already had been reached between the parties and Plaintiff's subsequent attempts at avoiding the agreement were futile.

17. Attorney Lim called me again on June 13 and indicated that Plaintiff might be willing to settle the matter for additional settlement monies, without the tax

indemnification provision, and with a release of only known claims.  Again, I informed Attorney Lim that the parties had already reached agreement at the mediation and Defendants would be filing the instant motion to enforce.

18.  Attorney Lim has repeatedly tried and continues to try to induce Defendants to add to the agreed upon settlement amount.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Khristan A. Heagle*
Khristan A. Heagle

Dated:      June 20, 2006